UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGELA GONNEVILLE, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LENS.COM, INC.,<br><br>　　　　Defendant. | Civ. A. No. |

## DEFENDANT LENS.COM, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant Lens.com, Inc. ("Lens.com") hereby gives notice of the removal of the action captioned as *Angela Gonneville v. Lens.com, Inc.*, Docket No. 2484CV00531-BLS2, filed in the Suffolk Superior Court (the "State Action"), to the United States District Court for the District of Massachusetts. The ground for removal is diversity of citizenship. In further support, Lens.com states as follows:

### PROCEEDINGS IN STATE COURT

1. On February 23, 2024, Plaintiff Angela Gonneville filed the removed case, *Angela Gonneville v. Lens.com, Inc.*, Case No. 2484CV00531-BLS2, in the Suffolk Superior Court. A true and correct copy of the Class Action Complaint ("Complaint") is attached as **Exhibit A**. A true and correct copy of the Summons that issued is attached as **Exhibit B**.

2. Plaintiff served Lens.com on March 28, 2024, as reflected in the Affidavit of Service, attached as **Exhibit C**.

3. A true and correct copy of the complete record in this action in Suffolk Superior Court is attached as **Exhibit D**.

4. Exhibits A–D constitute all the process, pleadings, and orders that are available from the public state court record in connection with Case No. 2484CV00531-BLS2, in the Suffolk Superior Court, as of the date of the filing of this Notice of Removal.

## NATURE OF THE REMOVED ACTION

5. Plaintiff alleges that she "is an individual who resides in Massachusetts." Compl., ¶ 3. On information and belief, she is domiciled in Massachusetts.

6. Plaintiff alleges that Lens.com "is a Nevada corporation with its principal place of business in the State of Missouri." *Id.*, ¶ 4. In fact, Lens.com is a corporation organized and existing under the laws of the State of Nevada with its principal place of business in Nevada.

7. Plaintiff alleges that "Lens.com packs a junk fee into its transactions which it describes after the point of purchase as a 'processing fee.'" *Id.*, ¶¶ 13–17.

8. Plaintiff alleges that she was personally harmed in August 2019, when she purchased three boxes contact lenses for a total price of $82.50. *Id.*, ¶ 20. According to Plaintiff, she paid an undisclosed processing charge of $5.21. *Id.*

9. Plaintiff alleges that she was harmed again in May 2020, when she purchased another three boxes of contact lenses for a total price of $164.05. *Id.*, ¶ 21. According to Plaintiff, she paid an undisclosed processing charge of $22.57. *Id.*

10. Plaintiff alleges that she was harmed a third time in April 2021, when she purchased another three boxes of contact lenses for a total price of $111.97. *Id.*, ¶ 22. According to Plaintiff, she paid an undisclosed processing charge of $55.97. *Id.*

11. Plaintiff seeks to represent a putative class of Massachusetts consumers. Plaintiff defines her putative class as follows:

> All consumers who purchased contact lenses in Massachusetts and were charged a processing or handling fee with the contact lens order in the six years preceding the filing of this Complaint. *Id*., ¶ 24.

12. Plaintiff, on behalf of herself and the putative class, brings claims against Lens.com for Breach of Contract (Count I), Breach of the Duty of Good Faith and Fair Dealing (Count II), and Unjust Enrichment (Count III). *Id*., ¶¶ 33–52.

13. Plaintiff seeks class-wide damages, including "compensatory damages and/or or restitution or refund of all funds acquired by Lens.com … as a result of [Lens.com's] unlawful, unfair, deceptive and unconscionable practices;" and "compensatory damages caused by Lens.com's breach of contract." *Id*. at 14. Plaintiff further seeks pre- and post-judgment interests, costs, and attorneys' fees. *Id*.

14. Plaintiff also sent Lens.com a demand letter dated March 26, 2024 ("Demand Letter") "pursuant to Massachusetts General Laws Chapter 93A Section 9," attached as **Exhibit E**. In the Demand Letter, Plaintiff accuses Lens.com of "charging hidden and inflated junk fees in online purchases of contact lenses" and states that Lens.com has "thirty days after receipt of this letter to make a reasonable written tender of settlement or be exposed to potential treble damages and attorney's fees and costs." *Id*. Plaintiff further demands that Lens.com "identify all Massachusetts consumers for the last six years who were charged a processing and/or handling fee, the date of the fee(s) and the amounts(s)" and that Lens.com "agree to reimburse all identified Massachusetts consumers three times the amount of all processing and/or handling fees paid." *Id*.

15. In accordance with the Demand Letter, Plaintiff intends to amend the Complaint to include a claim under G.L. c. 93A, § 9 and will seek "three times the amount of all processing and/or handling fees paid," as well as attorney's fees.

## REMOVAL TO THIS DISTRICT IS PROPER

16. The State Action can be properly removed this Court under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district embracing Suffolk County, the location where the State Action was pending.

17. However, Lens.com will not ultimately consent to venue in the United States District Court for the District of Massachusetts, because an operative forum-selection clause requires the action be brought in Nevada. Thus, pursuant to 28 U.S.C. § 1404(a), Lens.com intends to move to transfer this action to the United States District Court for the District of Nevada, for two reasons. First, a nationwide class action was recently filed in Nevada and those claims overlap with the claims here. *See Franks v. Lens.com Inc.,* Case No. 2:24-cv-0724 (District of Nevada). Second, all parties to this action have consented to jurisdiction in Nevada in a forum-selection clause.

## REMOVAL IS TIMELY

18. Plaintiff served Lens.com with a copy of the Complaint on March 28, 2024. *See* Ex. C, Affidavit of Service at 1.

19. Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed on April 25, 2024, which is within 30 days of service of the Complaint.

## REMOVAL IS PROPER

20. Removal is proper under the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C. § 1332(d), because this matter is a class action with minimally diverse parties, there is an aggregate amount in controversy in excess of $5,000,000, and the number of proposed class members is more than 100.

21. First, the parties are at least minimally diverse. Plaintiff, who seeks to represent the class, is a citizen of Massachusetts. *See* Compl. ¶ 3 (alleging that Plaintiff is a resident of Massachusetts). Lens.com is not a Massachusetts citizen—it is headquartered in Nevada and incorporated under Nevada law. *See* Compl. ¶ 4; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Because Plaintiff is a citizen of Massachusetts and Lens.com is a citizen of Nevada, the parties are at least minimally diverse. *See* 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [] any member of a class of plaintiffs is a citizen of a State different from any defendant.").

22. None of the CAFA exceptions to federal jurisdiction over a putative class action apply because the "primary defendant[]" or the defendant "from whom significant relief is sought"—Lens.com, the only named defendant in this action—is not a Massachusetts citizen. *See* 28 U.S.C. § 1332(d)(3)–(4).

23. Second, the amount in controversy requirement is met. To satisfy the amount-in-controversy requirement, a removing defendant needs to "include only a plausible allegation that

the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" is not required to be included with the notice of removal but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.

24.  "A defendant can satisfy its burden to establish the amount in controversy by a reasonable probability by relying on the face of the complaint in the underlying case, by alleging facts in its notice of removal to support its amount in controversy allegation, or by submitting summary judgment type evidence." *Khath v. Midland Funding, LLC*, 2016 U.S. Dist. LEXIS 43493, at *13 (D. Mass. Jan. 7, 2016) (citing *Composite Co. v. Am. Int'l Grp., Inc.*, 988 F. Supp. 2d 61, 74 (D. Mass. 2013)).

25.  To determine the amount in controversy, the Court first looks to whether plaintiff made specific damage allegations in the complaint. *See Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 6 (1st Cir. 1995). A court will determine the amount in controversy from the face of the complaint "'unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith.'" *Coventry Sewage*, 71 F.3d at 4 (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)). "'[W]hen a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy.'" *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 2013 WL 5405668, at *3 (D. Mass. 2013) (quoting *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 222 (D.N.H. 2004)). The amount in controversy includes statutorily authorized attorneys' fees and multipliers of damages, such as the treble damages provision in Chapter 93A. *See, e.g., Crandall v. Travelers Personal Sec. Ins. Co.*, 2024 U.S. Dist. LEXIS 12106, at *2 (D. Mass. Jan. 18, 2024); *Santos v.*

*Preferred Mut. Ins. Co.*, 21 F. Supp. 3d 111, 116 n.2 (D. Mass. 2014); *Williams v. Litton Loan Servicing*, 2011 U.S. Dist. LEXIS 90689, at *5 (D. Mass. Aug. 15, 2011).

26. Here, Plaintiff seeks "compensatory damages and/or restitution or refund of all funds acquired by Lens.com from Plaintiff and the Class Members … in an amount to be proven at trial." Compl. at 14. While Lens.com disputes Plaintiff's class definition, Plaintiff alleges that the class members include "[a]ll consumers who purchased contact lenses in Massachusetts and were charged a processing or handling fee with the contact lens order in the six years preceding the filing of this Complaint." *Id*., ¶ 24. From 2018 to 2023, Lens.com estimates that its total sales in Massachusetts were approximately $21,200,000. Thus, the "compensatory damages and/or restitution or refund of all funds acquired by Lens.com from Plaintiff and the Class Members" exceeds the $5 million threshold.

27. Plaintiff also seeks "compensatory damages caused by Lens.com's breach of contract." *Id*. at 14.

28. Plaintiff also seeks "pre- and post-judgment interest." Compl. at 14.

29. Plaintiff also seeks "reasonable attorney' fees and costs." Compl. at 14. A court may consider potential attorney's fees as part of the amount-in-controversy calculation when "a statute mandates or allows the payment of such fees." *Dep't of Rec. & Sports of P.R. v. World Boxing Ass'n*, 942 F.2d 84, 89 (1st Cir. 1991).

30. Taken as a whole, the demands of the Complaint thus plausibly exceed the $5 million threshold for federal jurisdiction under 28 U.S.C. § 1332(d). *Dart*, 574 U.S. at 89.

31. In addition to these restitution and damages claims, Plaintiff also served a Demand Letter with its complaint indicting that Plaintiff intends to amend the Complaint to include a claim

under G.L. c. 93A, § 9. While these causes of action are not yet part of the complaint, these claims will also add to the damages claimed in this matter. The demand letter seeks "three times the amount of all processing and/or handling fees paid." From 2018 to 2023, Lens.com estimates that Massachusetts consumers paid approximately $3,500,000 in processing fees. Three times the amount of all processing and or handling fees paid is approximately $10,500,000. This alone would also satisfy the $5 million threshold.

32. Third, because Lens.com is a well-established company that sells products to consumers across the country, the number of proposed class members is greater than 100. For example, based on the current class allegation in the complaint, Lens.com estimates that in 2023 alone, it sold products to over 7,000 customers in Massachusetts.

33. Pursuant to 28 U.S.C. § 1446(d), Lens.com will serve written notice of removal of this case on Plaintiff's counsel by first-class mail and email at the following addresses:

> Carlin Phillips
> cphillips@phillipsgarcia.com
> Andrew J. Garcia
> agarcia@phillipsgarcia.com
> Phillips & Garcia, P.C.
> 13 Ventura Drive
> North Dartmouth, MA 02747

34. Pursuant to 28 U.S.C. 1446(d), Lens.com will promptly file a notice of filing of notice of removal with the Clerk of the Suffolk Superior Court.

35. The recitation of Plaintiff's allegation in this Notice of Removal is not a concession that Plaintiff's allegations or legal theories have merit. Lens.com reserves the right to assert all applicable defenses in this matter and denies that Plaintiff is entitled to any relief. By removing this matter, Lens.com does not waive and reserves any rights it may have, including,

without limitation, all available arguments and affirmative defenses.  Lens.com does not concede that Plaintiff is entitled to any recovery whatsoever.

## CONCLUSION

36.	Pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446, Lens.com hereby removes the above-captioned action from the Suffolk Superior Court to the U.S. District Court for the District of Massachusetts.

Respectfully submitted,

LENS.COM, INC.

By its attorneys:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
RUBIN AND RUDMAN LLP
53 State St.
Boston, Mass. 02109
(617) 330-7135
tfolkman@rubinrudman.com

Mark Bettilyon (pro hac vice forthcoming)
Jed Hansen (pro hac vice forthcoming)
THORPE NORTH & WESTERN, LLP
The Walker Center
175 S. Main Street, Suite 900
Salt Lake City, Utah 84111
(801) 566-6633
mark.bettilyon@tnw.com

Dated:  April 25, 2024