COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                        SUPERIOR COURT DEPARTMENT
                                                   BUSINESS LITIGATION SESSION

_____
                                    )
ANGELA GONNEVILLE, individually     )      CIVIL ACTION NO.
and on behalf of all others similarly )
situated                            )
                                    )
                                    )      kg
         Plaintiff                  )
                                    )
v.                                  )
                                    )
LENS.COM, INC.                      )
                                    )
         Defendant                  )
                                    )
_____ )

## CLASS ACTION COMPLAINT

Plaintiff, Angela Gonneville, individually and on behalf of all others similarly situated, brings this Class Action Complaint for damages for unfair and deceptive sales practices committed by Defendant, Lens.com, Inc.

## INTRODUCTION

1.      This is a consumer class action case involving an undisclosed junk fee that Lens.com charges as part of online contact lens orders. More particularly, Lens.com adds an undisclosed and non-itemized "processing charge" to contact lens orders after customers have already filled out the details of their contact lens orders. Lens.com has received numerous complaints regarding this undisclosed charge.

2.      Plaintiff seeks to represent a class of consumers in Massachusetts who have paid an undisclosed processing or handling charge on their contact lens order. Given the amount of the

fees at issue and given the number of potential consumers impacted, a class action is the most judicially efficient manner of adjudicating this dispute.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff, Angela Gonneville ("Plaintiff" or "Ms. Gonneville"), is an individual who resides in Massachusetts.

4. Defendant, Lens.com, Inc. ("Lens.com" or "Defendant"), is a Nevada corporation with its principal place of business in the State of Missouri.

5. The Court has original jurisdiction over the civil claims alleged in Plaintiff's Complaint pursuant to M.G.L. ch. 212 § 4.

6. This Court has personal jurisdiction over Lens.com pursuant to M.G.L. ch. 223 § 3 because Lens.com conducts significant business in Massachusetts, namely through the marketing, advertising, selling and delivery of contacts lens products in Massachusetts to consumers such as Plaintiff.

7. Likewise, venue is proper here as the defendant markets, advertises, sells and delivers contacts lens products to Massachusetts consumers in this county.

## FACTUAL BACKGROUND

**The Business of Lens.com**

8. Lens.com is an online seller of contact lenses and claims that it provides consumers "the best way to buy contact lenses - better than your eye doctor, better than big box, better than other websites." Lens.com further claims that it offers the lowest prices of any contact lens seller online or in-store and that most orders ship within 24 hours.

9. Lens.com markets its contact lenses as having "Year Round *Unbeatable* Prices." On its website it states that it has delivered over 691 million contact lenses. It further touts that,

2

"With over 35 Million contact lenses in stock, we immediately fill your order with your exact prescription."

10.    In a FAQ (frequently asked question) on its website entitled, "How much does shipping cost?", Lens.com states: "At Lens.com we don't bury the cost of shipping in every box we sell. We are completely transparent and let you decide what's best for you. We offer you reliable shipping at extremely competitive prices/rates. You will be able to select the best method for your personal needs at checkout." It then includes a chart of shipping costs within the United States, Canada and Internationally.  Nowhere under its description of shipping costs is there mention of a "processing" or "handling" fee of any kind.  A search of the words "Processing Fee" on Lens.com's website yields no information.

**The Proliferation of Junk Fees in Online Consumer Transactions**

11.    Retailers, like Lens.com, are increasingly charging consumers "junk fees" in online transactions to increase profits.  "Junk Fees" are defined by the Federal Trade Commission as "unnecessary, unavoidable, or surprise charges that inflate costs while adding little to no value." The FTC notes that "[c]onsumers can get hit with junk fees at any stage of the purchase or payment process. Companies often harvest junk fees by imposing them on captive consumers or by deploying digital dark patterns and other tricks to hide or mask them." https://www.ftc.gov/news-events/news/press-releases/2022/10/federal-trade-commission-explores-rule-cracking-down-junk-fees.

12.    Common junk fees are convenience fees, processing fees, resort fees, service fees and overdraft fees.  The White House recently issued a junk fee guide for the states noting how junk fees have overrun the American economy and are "often not disclosed upfront and only revealed after a consumer has decided to buy something, obscure true prices and dilute the forces

3

of market competition that are the bedrock of the U.S. economy."
https://www.whitehouse.gov/wp-content/uploads/2023/03/WH-Junk-Fees-Guide-for-States.pdf

**Lens.com's Sales Practices and Junk Fees**

13.     Lens.com's marketing materials state that "we don't bury the cost of shipping in every box we sell.  We are completely transparent and let you decide what's best for you.  We offer you reliable shipping at extremely competitive prices/rates.  You will be able to select the best method for your personal needs at checkout."

14.     Despite these claims, Lens.com packs a junk fee into its transactions which it describes after the point of purchase as a "processing fee."  This processing fee is separate from its shipping fee, which in the Plaintiff's case was either free or $7.95.

15.     Lens.com fails to disclose or itemize its processing fee during online transactions and inflates the total transaction price by the amount of the hidden processing fee at the end of the transaction when a consumer's credit card is being processed.  These hidden fees add to the total product price but are not disclosed at any point in the cycle of the transaction, in marketing materials, frequently asked questions on Lens.com's website or in product pricing disclosures.

16.     In some transactions, Lens.com never discloses the existence or amount of its processing fee.  In other transactions the hidden fees are only disclosed on a packing slip provided to the consumer when the product is delivered. In those circumstances, the hidden fees are listed as "PROCESSING" or as "Shipping & Handling" fees.

17.     The amount of the processing fee charged by Lens.com varies greatly and from transaction to transaction. The Plaintiff's processing fees were $55.97, $22.57 and $5.21.

18.     Numerous online complaints made by Lens.com customers describe processing fees that are over $100.  The below listed consumer complaints made to Complaints Board, an

4

online consumer complaint center, describe Lens.com's surprise processing fee. Each consumer referenced below contacted the Defendant's customer service line to complain about the processing fee and, accordingly, these complaints constitute notice and knowledge to the Defendant of the unfair and deceptive nature of their processing and other fees. The online complaints state in relevant part:

**Processing Fees**
Contact lenses were ordered for my child over the phone in February of 2021. The bill received did not break out the $103 processing fee for an order of $107 in contacts. The processing fee did not include shipping fees. This was discovered when trying to tally the order for reimbursement by the child's father months later and the lens cost did not add up to the total. When contacting the company the only adjustment offered was a $7.95 shipping credit. The price of contacts was severely misrepresented due to the arbitrary and, per customer service, ever changing "processing fees". (Chobbs 1411 of US; August 27, 2021)

**Lens.com review: Astronomical processing fee for contact lens order.**
Customer since 2014... Last order placed 12/26/2020 and was charged processing fee of $110.38... I immediately contacted the company and was simply told "that was their processing fee"... I escalated the issue as I have never paid more than $35.96 for a processing fee (last order was 8/2020 and fee was $29.54)... Continued to reach out via email and was finally told on Jan 3rd that my complaint was escalated to leadership... I reached out again on Jan 11, 12 and now this morning and have never been contacted back... I am now in the process of disputing charge with the credit card company... I have included the processing fees paid so you can see for yourself the ridiculous amount charged this last order:

    4-2014 $18.16
    3-2015 $26.47
    8-2015 $26.11
    9-2016 $35.96
    9-2017 $25.51
    9-2018 $25.99
    12-2019 $27.51
    8-2020 $29.54
    12-2020 $110.38

I understand I owe for the contacts but I refuse to pay that amount for processing! (juhnklo of US; January 15, 2021)

**Extraordinarily high processing fee.**
On July 7, 2023, I submitted an order and paid $220 for 4 boxes of contacts. A bargain so I thought, because I would also get a $75 rebate. Again, so I thought. Imagine my surprise when I see I was charged $330 for my order due to a huge $120 processing fee. Apparently the 'submit order' button appears before the processing fee (which requires you to scroll down past the submit order so you don't see the additional fee.) It doesn't appear on the consumers invoice on their site, but somehow when you questions it, the Customer service people are able to produce an invoice showing the fee. They claim it is automatically added 'by the system' and they cannot refund any portion of it. The processing fee was more than 50% of my total purchase and in reading the complaints about them, they take so long to issue the $75 rebate that the expiration date is so close or past, rendering it useless as it is a visa gift card. These complaints date back to 2014 and nothing has changed. Below is the invoice AFTER the order was submitted. (K. Lennon, Rochdale, MA; July 18, 2023)

**Lens.com added 85% to my order in "tax & fees"**
I intended to purchase 4 boxes of contact lenses at $31.74 per box. They advertised $9.24 per box if I ordered 8 boxes, which would have been $73.92, instead of $253. 92. When I clicked "checkout" the total was$485.79! They added $213.92 in "tax & fees", which is an additional 85%.

I clicked the "chat 24/7" line and the rep did everything possible to avoid explaining what "fees" were, since tax would be no more than $22 in any state. I had to ask SIX TIMES, but he finally was forced to admit that "fees" were: "This includes calling your doctor on your behalf, doctor's fees since we need to verify your prescription, and handling and processing your order. If the customer has a valid prescription, there is no need to call the doctor. Tax would have been $20 so the "rebate" which was applied to the order, tax and their undisclosed "fees" added 85% to the cost of the order. I told them that was fraud and they lost my business. (Gail Reznik of US; March 26, 2023)

**Hidden taxes and fees**
When I went to re-order my contacts at Lens.com I noticed advertised pricing and total cost didn't add up. I went to order my 8 boxes so I would get the $160 RB. Listed at $42.79 per box before RB (22.79 after RB) times the required 8 boxes = 342.32 ($182.32 after RB)plus $9.95 Shipping. This should make for a grand total of $352.27( before RB). At check out total came up as $566.19! Call Lens.com, spoke with a rep. I was told to go back to the shipping page, there they show a "Taxes & fees" of 213.92! Contacts are NOT taxable! They are a rip off company with miss leading and Illegal sales tactics. I've used them several times in the past and had not been charged these taxes & fees, I will no longer purchase from them and will

6

tell others of my bad experience. (Sharon McD of Levittown, US; March 1, 2023.

**Lens.com review: Deceptive fees and rebate hurdles**
Customer since 2014, but noticed a huge disparity in cost when initiating my most recent order. Without a rebate, they show $72.24 per 90-lens box of 1-day lenses. Buy 8 boxes and the price (after rebate) is shown as $35.99 and rebate as $290. Great. The next screen in the checkout asks you to confirm where you want the boxes sent with a 'continue' button below it. When you accidentally scroll below that, you see a blowout of the order, with a whopping $241.92 in taxes and fees that "are compensation for servicing your order". That's the only place they show the added taxes/fees. If you click 'continue' and approve where to send the boxes, you miss that, because the final checkout screen never shows that added charge in its summary of your order. ... This is deceptive. (eyecu of Seattle, US; January 12, 2023)

**Ridiculous fee added without my knowledge**
I just learned that they added a $50 fee for for processing on an $80 order. And the customer rep could not explain what the processing fee was for. What a ripoff! (thomassu of Centerville, US; December 5, 2022)

19.     These consumer complaints describe in detail the repeated notice that Lens.com has received from consumers about its hidden processing fees and demonstrate its continued use of unfair and deceptive acts and practices to create revenue from junk fees.

**Plaintiff's Transactions**

20.     Plaintiff's transactions with Lens.com highlight the deceptive nature of Lens.com's business practices. In August 2019, Plaintiff ordered three boxes of contact lenses for a total price of $77.29 with free shipping. The subtotal that was charged to Plaintiff, however, was $82.50, which included a $5.21 undisclosed processing charge. The "processing fee" was only disclosed on the packing form delivered with the contact lenses.

21.     Likewise, in May 2020, Plaintiff ordered three boxes of contact lenses for a total price of $141.48 with free shipping. The subtotal that was charged to Plaintiff, however, was

7

$164.05, which thus included a $22.57 undisclosed processing charge. The packing form received when the contact lenses were delivered indicated a charge of $30.52 for "shipping & Handling."

22.     Similarly, in April 2021, Plaintiff ordered three boxes of contact lenses with a total price of $55.97 and free shipping. However, the subtotal charged to Plaintiff was $111.97 and thus included an undisclosed processing charge of $55.97. The one-page packing form received when the contact lenses were delivered did not itemize the transaction charges or disclose the amount of the processing fee.

23.     Plaintiff ultimately complained to Lens.com about the processing charges and was told that the processing fee used to be disclosed on the website but had been removed, there had been recent changes to the website but the fee was still not disclosed, the failure to disclose the processing fee has been reported to IT by several other agents and that Lens.com was trying to get that back up on the website.

## CLASS ACTION ALLEGATIONS

24.     Pursuant to Massachusetts Rule of Civil Procedure 23, Plaintiff brings this class action individually and on behalf of the following proposed class of persons, initially defined as: All consumers who purchased contact lenses in Massachusetts and were charged a processing or handling fee with their contact lens order in the six years preceding the filing of this Complaint. (hereinafter the "Class").

The Class does not include Defendant; any affiliate, parent or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer, director or employee of Defendant; any successor or assign of Defendant; Plaintiff's counsel or anyone employed by Plaintiff's counsel in this action and their immediate families; any judge to whom this case is assigned and any member

8

of his/her immediate family and staff; governmental entities; or individuals who have personal injury claims as a result of conduct and/or defects alleged herein.

25. Plaintiff reserves the right to amend or supplement the Class descriptions with greater specificity or further division into subclasses or limitation to certain issues, after conducting discovery in this matter. Plaintiff also reserves the right to amend or supplement the proposed Class after conducting discovery in this matter.

## Rule 23 Class Certification Requirements

26. **Numerosity of the Class** – The members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe that Lens.com processed tens or hundreds of thousands of contact lens orders and included an undisclosed processing fee with those orders. Adjudication of the claims in a class action context will provide substantial benefits to the parties and the Court.

27. **Commonality and Predominance** – Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members, as is required by Mass. R. Civ. P. 23(a)(2) and (b)(3). These common questions include, but are not limited to:

   a) whether Lens.com engaged in the conduct alleged herein;

   b) whether Defendant failed to adequately disclose a processing and/or handling fee prior to the completion of an online order for contact lenses;

   c) whether Defendant's undisclosed processing and/or handling fee inflated the product price;

   d) whether Defendant's processing and/or handling fees exceeded actual costs and constituted a hidden profit for Defendant;

   e) whether Plaintiff and Class Members suffered out-of-pocket losses as a result of Defendant's actions and/or inactions alleged herein, and if so, how much;

   f) whether Plaintiff and Class Members will suffer out-of-pocket losses as a result of Defendant's alleged actions and/or inactions alleged herein, and if so, how much.

28. **Typicality** – The claims of the representative Plaintiff are typical of the claims of each member of the Class, thus satisfying Mass. R. Civ. P. 23(a)(3). Plaintiff, like all other members of the Class, have sustained damages arising from Lens.com's violations of the laws, as alleged herein. The representative Plaintiff and the members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic, and pervasive pattern of misconduct engaged in by Lens.com. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of all other members of the Class.

29. **Adequacy** – The representative Plaintiff will fairly and adequately represent and protect the interests of the Class Members and have retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation, thus satisfying Mass. R. Civ. P. 23(a)(4). There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

30. **Declaratory or Injunctive Relief** – Lens.com has acted and refused to act on grounds generally applicable to Plaintiff and Members of the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate regarding the Class as a whole. Mass. R. Civ. P. 23(b)(2).

31. **Superiority** – This suit may be maintained as a class action under Mass. R. Civ. P. 23(b)(3), because a class action is superior to any other available means for the fair and efficient adjudication of this dispute and no unusual difficulties are likely to be encountered in its management of this class action. The damages suffered by individual class members are small in comparison to the burden and expense of individually litigating each claim and based on the

10

complex and extensive litigation needed to address Spirit's conduct. Further, it would be virtually impossible for the Class Members to individually redress effectively the wrongs done to them. Even if Class Members themselves could afford such individual litigation, the court system could not. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

32.     **Ascertainability:** Upon information and belief, the precise number of Class Members may be ascertained from Lens.com's records. Plaintiff contemplates the eventual issuance of notice to the proposed Class members setting forth the nature of the instant action. Upon information and belief, Class members may be notified of this action by recognized, Court approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, social media, and published notices, in addition to Lens.com's own business records.

## COUNT I
## BREACH OF CONTRACT

33.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

34.     Plaintiff's and other Class members' purchase of contact lenses constituted a contract between them and Lens.com, namely through the terms and conditions on the Lens.com

11

site. The terms and conditions do not mention a processing charge for online orders of contact lenses.

35. Plaintiff and the Class Members performed all requirements under their agreements with Lens.com, namely the payment of the amount charged by Lens.com for the order.

36. Lens.com breached its agreement with Plaintiff and the Class Members when it charged a hidden processing fee in connection with the contact lens orders.

37. Plaintiff and members of the Class have suffered an injury through the payment of the processing fee.

38. Plaintiff and Class members are therefore entitled to all incidental, consequential, and indirect damages resulting from Lens.com's breach of contract. Lens.com's breach caused damages to Plaintiff and the Class Members.

39. Plaintiff and the Class Members seek to recover all permitted damages and their attorneys' fees caused by Defendant's breach.

## COUNT II
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

41. The Defendant had an obligation to exercise of duty of good faith and fair dealing when transacting business with Plaintiff and the Class.

42. The Plaintiff and the Class made purchases at Lens.com's online website. Lens.com advertised, disclosed and charged a specific price for each contact lens purchase. It claimed that it had the lowest contact lens prices.

43. However, the Defendant, as matter a pattern and practice, assessed hidden junk fees to consumer's transaction which it labeled as processing and/or handling fees. These fees were not described on the Defendant's website or as part of the sale.

44. In addition, these junk fees varied from transaction to transaction.

45. The junk fees were charged to Plaintiff's credit and debit cards, thereby driving up the actual costs of their contact lens purchases.

46. Lens.com used these hidden fees, which do not purport to approximate actual expenses incurred, as a hidden profit center. Not including these hidden fees in the product price allowed Lens.com to falsely claim that it had the lowest prices.

47. Lens.com's pattern and practice of charging its consumers hidden junk fees in its transactions constituted a breach of the duty of good faith and fair dealing it owed to consumers as part of the transactions.

48. As a direct and proximate result of the Defendant's acts and/or omissions, the Plaintiff and the Class suffered damages.

## COUNT III
## UNJUST ENRICHMENT

49. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

50. Plaintiff and the Class Members conferred substantial benefits on Lens.com by purchasing contact lenses and by paying processing charges to Lens.com.

51. Lens.com knowingly and willingly accepted and enjoyed those benefits. Lens.com's retention of these benefits is inequitable and would be against good conscience

52. As a direct and proximate cause of Lens.com's unjust enrichment, Plaintiff and the Class Members are entitled to restitution, attorneys' fees, costs and interest.

13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray for a judgment against Defendant as follows:

a. For an order certifying the Class, appointing Plaintiff as Representative of the Class, and appointing the law firm representing Plaintiff as counsel for the Class;

b. For compensatory damages and/or restitution or refund of all funds acquired by Lens.com from Plaintiff and the Class Members as a result of the Company's unlawful, unfair, deceptive and unconscionable practices described herein in an amount to be proven at trial;

c. For compensatory damages caused by Lens.com's breach of contract with Plaintiff and the Class Members to the extent permitted by law in an amount to be proven at trial;

d. Both pre-and post-judgment interest on any amounts awarded;

e. Payment of reasonable attorneys' fees and costs as allowed by law;

f. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff requests a trial by jury on all claims.

On behalf of the Plaintiff and the
Putative Class,

*/s/ Carlin J. Phillips*

Carlin Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
PHILLIPS & GARCIA, P.C.
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (fax)
cphillips@phillipsgarcia.com